# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                          Crim. No. 11-228 (MJD/JJK)

               Plaintiff,

v.

3.  Patrick Joseph Kiley,                          **ORDER AND REPORT**
also known as Pat Kiley;                           **AND RECOMMENDATION**

               Defendants.

Tracy L. Perzel, Esq., and David J. MacLaughlin, Esq., Assistant United States Attorneys, counsel for Plaintiff.

David E. Zins, Esq., Attorney at Law, and H. Nasif Mahmoud, Esq., McKenzie, Wilkes & Mahmoud, counsel for Defendant Kiley.

     This action came on for hearing before the Court on October 17, 2011, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101, on Defendant Kiley's various pre-trial motions.  Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

     **1.     Defendant Kiley's Motion to Dismiss.**  Defendant Kiley moves to dismiss the Indictment, asserting that the Government cannot prove the elements necessary to find Defendant guilty of the charges asserted against him.  (Doc. Nos. 93, 94.).  Defendant asserts that there is no evidence to support the

allegations made against him, and argues in length as to why Defendant Kiley

rebuts the charges.  The Government opposes the motion.

Federal Rule of Criminal Procedure 7 requires an indictment to "be a plain,

concise, and definite written statement of the essential facts constituting the

offense charged . . . . For each count, the indictment must give the official or

customary citation of the statute, rule, regulation, or other provision of law that

the defendant is alleged to have violated."  Fed. R. Crim. P. 7(c)(1).

> An indictment is legally sufficient on its face if it contains all of the
> essential elements of the offense charged, fairly informs the
> defendant of the charges against which he must defend, and alleges
> sufficient information to allow a defendant to plead a conviction or
> acquittal as a bar to a subsequent prosecution.  An indictment will
> ordinarily be held sufficient unless it is so defective that it cannot be
> said, by any reasonable construction, to charge the offense for
> which the defendant was convicted.

*United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001) (citations omitted).

Defendant Kiley is not challenging the validity of the Indictment on its face.

Instead, Defendant raises fact disputes regarding whether Defendant is guilty of

the counts alleged, and therefore argues that the charges in the Indictment are

not supported by adequate evidence.  It is well established that insufficient

evidence is not a basis for dismissal of a facially valid indictment.  *See Costello v.*

*United States*, 350 U.S. 359, 363–64 (1956); *United States v. Nelson*, 165 F.3d

1180, 1182 (8th Cir. 1999) ("It has long been settled that an indictment is not

open to challenge on the ground that there was inadequate or insufficient

evidence before the grand jury.").  Therefore, this Court **RECOMMENDS** that

Defendant Kiley's Motion to Dismiss **(Doc. No. 93)**, be **DENIED**.

      **2.**      **Defendant Kiley's Motion to Suppress Statements of Patrick J.**

**Kiley.**  Defendant Kiley moves to suppress his statements on the grounds that

the statements were made without the assistance of counsel in violation of

Defendant's Fifth and Sixth Amendment rights, and were not given freely or

voluntarily, therefore violating the Fourth and Fifth Amendments to the

Constitution.  The Government opposes this motion.  Specifically, the

Government asserts that Defendant Kiley did not make any statements while in

custody or pursuant to questioning while represented by counsel.  At the hearing,

no testimony was provided on the issue.  However, the Government submitted as

an exhibit an August 1, 2011 letter from AUSA Tracy Perzel to Defendant's

counsel Mr. Zins, which attaches the FBI 302s memorializing Mr. Kiley's

interactions and comments made to law enforcement investigators, to which

there was no objection.  (Hr'g Ex. 1.)  Defendant Kiley did not present any

additional evidence—aside from his boilerplate allegations—in support of

suppression.

      "It is well established that the burdens of production and persuasion

generally rest upon the movant in a suppression hearing."  *United States v.*

*Starks*, 193 F.R.D. 624, 629 (D. Minn. 2000) (quoting *United States v. de la*

*Fuente,* 548 F.2d 528, 533 (5th Cir. 1977), *cert. denied,* 431 U.S. 932 (1977));

*see also United States v. Phillips*, 540 F.2d 319, 325–26 (8th Cir. 1976) (stating

that the ultimate burden of proof is on the defendant who seeks to suppress evidence).   "At a minimum, it is defendant's burden to come forth with some evidence and argument to support his position that evidence . . . should be suppressed." *United States v. Rosetter*, Crim. No. 10-83 (JNE/JSM), 2010 WL 5184991, at *23 (D. Minn. Oct. 1, 2010) (citing *Starks*, 193 F.R.D. at 629); *see also Starks*, 193 F.R.D. at 628 ("[E]ven in those circumstances where the Government has the ultimate burden of persuasion, Defendant has the initial burden of making a prima facie showing of illegality.").   And "[f]ailure to provide the Court with any support for the motion is a sufficient basis for denial of the motion." *Rosetter*, 2010 WL 5184991, at *23.   Defendant Kiley has not met his burden.   Accordingly, this Court concludes that there were no constitutional violations, and **RECOMMENDS** that Defendant Kiley's Motion to Suppress Statements of Patrick J. Kiley **(Doc. No. 95)**, be **DENIED**.

3.    **Defendant Kiley's Motion for Disclosure of 404(b) Evidence and Material.**   Defendant Kiley moves for disclosure of evidence of "bad acts" or "similar course of conduct" evidence it intends to offer at trial pursuant to Fed. R. Evid. 404.   The Government states that it has no objection to disclosing its Rule 404(b) evidence in advance of trial, and recommends that, consistent with the Orders issued as to Co-Defendants in this case, such disclosures should be ordered to be made at least thirty days before trial.   Defendant Kiley's Motion for Disclosure of 404(b) Evidence and Material **(Doc. No. 96)**, is **GRANTED** as further stated herein.   The Government shall disclose evidence encompassed by

4

Rule 404(b) as soon as practicable after the Government has determined to use such evidence, but no less than **thirty days** before trial, and in accordance with all rules and statutes.  Whether particular evidence is admissible is a matter properly determined in the context of trial.

    **4.**    **Defendant Kiley's Motion to Disclose Evidence Favorable to the Defendant.**  Defendant Kiley moves the Court for an order compelling the attorney for the Government to disclose evidence favorable to the Defendant. The Government asserts that it understands and has complied with its discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. Defendant Kiley's Motion to Disclose Evidence Favorable to the Defendant **(Doc. No. 97)**, is **GRANTED** to the extent that the Government shall continue to provide information as required by the rules and pursuant to *Brady*, *Giglio*, and their progeny, but **DENIED** to the extent that the Jencks Act protects disclosure.

    **5.**    **Defendant Kiley's Motion for Discovery.**  Defendant Kiley seeks an order pursuant to Fed. R. Crim. P. 16 requiring the Government to disclose all written, recorded, or oral statements made by Defendant, and Defendant's prior record.  In addition, Defendant asks for copies of certain objects, including photographs, which are material to the preparation of the defense or are intended for use by the Government as evidence at trial, or were obtained from or belonged to Defendant, and for copies of the results or reports of any physical or mental examinations and scientific tests or experiments.  The Government does not oppose the motion to the extent it is consistent with Rule 16.  Therefore,

Defendant Kiley's Motion for Discovery **(Doc. No. 98)**, is **GRANTED** to the extent

that it conforms to the scope of Rule 16, and the Government should continue to

disclose evidence as required by the rules and pursuant to *Brady v. Maryland*,

373 U.S. 83 (1963), and as subsequently delineated in the case law, including

limitations upon the Government's obligation.  Identification of witnesses and

exhibits shall be done in accordance with the District Court's pretrial order on

disclosure of witness and exhibit lists.  Expert witness information shall be

disclosed at least **thirty days** prior to trial.  Rebuttal witness information shall be

disclosed at least **fourteen days** prior to trial.

#### 6.      Defendant Kiley's Motion for Disclosure of Jencks Material.

Defendant Kiley moves for an order requiring the Government's early compliance

with the Jencks Act, specifically requesting disclosure prior to the

commencement of the trial.  The Jencks Act generally provides that the

Government may not be compelled to disclose witness statements and reports

prior to presentation of the witness' testimony at trial.  The Government

represents that it intends voluntarily to make Jencks Act material available to

Defendant three days prior to trial, and that it will inquire of defense counsel

regarding an early, reciprocal exchange of witness statements.  However,

because the Government opposes being compelled to do so and because the

statute plainly provides that "no statement or report in the possession of the

United States which was made by a Government witness or prospective

Government witness (other than the defendant) shall be the subject of subpoena,

discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant Kiley's Motion for Disclosure of Jencks Material **(Doc. No. 99)**, is **DENIED**.  Nothing in this Order precludes the Government, however, from making Jencks Act material available to Defendants **three days** prior to trial as it customarily does.

7.     **Defendant Kiley's Motion for Disclosure of Exhibit List.**

Defendant seeks a list of all exhibits the Government intends to introduce at trial, and requests the list to be provided at a minimum of sixty days before trial.  The Government opposes the motion, but states that it "will inquire of defense counsel regarding an early, reciprocal exchange of exhibit lists and will remain open to an agreement with counsel concerning an agreement to an earlier, reciprocal exchange."  (Doc. No. 110, Gov'ts Omnibus Response 6.)  Fed. R. Crim. P. 16 does not require such disclosure.  Therefore, Defendant Kiley's Motion for Disclosure of Exhibit List **(Doc. No. 100)** is **DENIED**.  Exhibit lists shall be made in accordance with the District Court's pretrial order.

8.     **Defendant Kiley's Motion for Suppression of Wiretap Evidence, Oral Communications and Other Electronic Eavesdropping.**  Defendant Kiley requests an order requiring the Government to disclose all logs, records, memoranda, and other documents and recordings to the electronic surveillance or wire-tapping directed against Defendant, and for an order suppressing all evidence derived from electronic surveillance.  The Government represents that there was no Title III wiretap employed in this case, and that to the extent any

recordings were made, a party to the recordings consented to those recordings. Based on the Government's representations, Defendant Kiley's Motion for Suppression of Wiretap Evidence, Oral Communications and Other Electronic Eavesdropping **(Doc. No. 101)**, is **DENIED AS MOOT**.  This motion will not be referred to the District Court on Report and Recommendation.

      **9.**    **Defendant Kiley's Motion for Early Discovery of Post Conspiracy Statement of Co-Defendant.**  Defendant Kiley moves the Court for an order pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Bruton v. United States*, 391 U.S. 123 (1968), compelling the Government to give notice and disclosure of its intent to use evidence at trial of statements or confessions of any defendant or co-conspirator, with a designation of which statement or confession the Government plans to utilize, and granting Defendant leave to file motions for severance, suppression, and/or motions *in limine*.  The Government objects, but represents that it will disclose Jencks, *Brady*, and *Giglio* material concerning any witnesses it will call in advance of trial and in accordance with the Court's orders, and states that it will work with defense counsel to resolve any *Bruton* issues.  Defendant Kiley's Motion for Early Disclosure of Post Conspiracy Statements of Co-Defendant **(Doc. No. 102)**, is **GRANTED IN PART** and **DENIED IN PART**.  To the extent that the motion seeks evidence favorable to the Defendant, the statements will be produced pursuant to the Court's Order on various motions seeking exculpatory evidence, impeaching evidence, and evidence otherwise favorable to Defendant.  The motion is further

**GRANTED** to the extent that it conforms to the scope of Rule 16, and the Government shall comply with any obligations that may arise under *Bruton v. United States*, 391 U.S. 123 (1968).  The motion is otherwise **DENIED**.  Any motions *in limine* shall be filed in accordance with the District Court's pretrial order.  And the Government may make Jencks Act material available to Defendant **three days** prior to trial.

10.     **Defendant Kiley's Motion to Retain Tangible Evidence Rough Notes and Like Materials.**  Defendant moves for an order requiring any agent to retain and preserve tangible evidence, field notes, memoranda, or other recordings of facts and other information gathered during the investigation of the incidents that led to the indictment in this case.  The Government objects only to disclosure of rough notes.  Therefore, Defendant Kiley's Motion to Retain Tangible Evidence Rough Notes and Like Materials **(Doc. No. 103)**, is **GRANTED** to the extent that agents retained such records and evidence while investigating Defendants.  The Court makes no determination as to whether these matters are discoverable; therefore, disclosure is not required pursuant to this Order.

11.     **Defendant Kiley's Motion to Adopt Non-Duplicitous Motions of Co-Defendants.**  Defendant Kiley moves for permission to join in any and all Co-Defendants' motions that apply to his position in this case.  The Government opposes the motion.   Defendant Kiley's Motion to Adopt Non-Duplicitous

Motions of Co-Defendants **(Doc. No. 104)**, is **DENIED.**  Defendant, however,

may file additional motions upon a showing of good cause for untimely filing.

      **12.**    **Defendant Kiley's Motion to Disclose Informants and Make**

**Available for Interview.**  Defendant Kiley seeks an order requiring the

Government to disclose the identity of any informant or informants used by the

Government in its investigation of this matter, whether such individuals were

active participants in the offenses charged, whether such individuals are

witnesses to the offenses charged, whether law enforcement officials followed

internal guidelines in utilizing the individuals, and the results of any suitability

study and/or other internal documentations regarding the propriety of using the

individuals as informants and/or cooperating witnesses.  Defendant also requests

that the Government be required to make any such informants available for

interview.  The Government asserts that it will disclose the identity of the

unknown confidential informants and their prior convictions, if any, to Defendant

Kiley by the conclusion of the motions hearing.  The Government also asserts

that it will be the informant's decision as to whether to participate in any pretrial

interviews.  Defendant Kiley's Motion to Disclose and Make Informants Available

for Interview **(Doc. No. 112)**, is therefore **GRANTED** consistent with the

Government's representations.  Further, the Government shall make any

informant disclosures to the extent such disclosures are required pursuant to

*Roviaro v. United States*, 353 U.S. 53 (1957), and subsequent pertinent case

law, and shall continue to provide information as required by *Brady*, *Giglio*, and their progeny.

Date: October 18, 2011

 *s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to the portion of the above that is a Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 1, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  The portions of the above that are Recommendations do not constitute an order or judgment of the District Court, and are therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Order and Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Order and Report and Recommendation.