UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Patrick Joseph Kiley,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 11-228 (03) (MJD)

_____

    David J. MacLaughlin, Assistant United States Attorney, Counsel for Plaintiff.

    Brian N. Toder, Counsel for Defendant.
_____

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 767)

## I.    Background

Defendant participated in a Ponzi scheme in which Defendant and others received over $193 million from hundreds of investors, and Defendant was responsible for bringing a majority of investor funds into the scheme through a radio program called "Follow the Money." Through this radio program, Defendant embellished his financial background and falsely told investors that their money would be kept in separate accounts

and that they would be able to get their money back at any time. As proved at trial, however, Defendant and others did not invest the money as represented, and most investors lost their life savings.

Defendant was found guilty by a jury of multiple counts of Aiding and Abetting Wire and Mail Fraud, Conspiracy to Commit Mail and Wire Fraud, and Money Laundering. On July 16, 2013, Defendant was sentenced to term of imprisonment of 240 months, followed by three years supervised release. He is currently serving his sentence at Rochester FMC, and his release date is August 5, 2029.

## II. Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant

such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. Section 1B1.13,[1] which provides when deciding a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement. U.S.S.G. § 1B1.13. This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

---

[1] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act. Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A). See e.g., United States v. Warren, 456 F. Supp.3d 1083, 1085-1086 (D. Minn. 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

>   (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

## III. Discussion

There is no dispute that Defendant has exhausted his administrative remedies. The Court will therefore address the merits of Defendant's motion.

In response to Defendant's request for reduction in sentence to the Warden, the BOP determined Defendant to be in a "debilitated medical condition" based on his age, 82, and the multiple medical issues he currently suffers from, including, "a history of hypothyroidism, joint pain, age-related cataract, hearing loss, atherosclerosis, gastroesophageal reflux disease, urethral structure, prostate cancer, radical prostatectomy, Parkinsonism, essential tremors, autonomic dysfunction with resulting episodic hypotension, and syncope episodes." (Toder Decl., Ex. C.) The BOP further noted that Defendant was confined to his bed for more than 50 percent of his waking hours and needs assistance with his activities of

daily living ("ADL").  (Id.)  Defendant's medical records from the BOP support these findings.  (Id. Ex. D.)

In its response to Defendant's motion, the government concedes that Defendant's medical conditions present extraordinary and compelling reasons for a sentence reduction.  "**Because of Mr. Kiley's confirmed, debilitated medical condition, the government does not oppose Mr. Kiley's motion for compassionate release."**  (Doc. No. 776 (Gov't Response at 2).)

The government further provided that certain victims have reached out to announce their opposition to Defendant's motion for compassionate release.

> Nonetheless, it cannot be forgotten or ignored that Mr. Kiley directly lured victims into the Ponzi scheme each year of its existence (2006 through 2009). Indeed, Mr. Kiley brought, by himself, over $140 million into Trevor Cook's Ponzi scheme, more than any other defendant. PSR Paragraph 34. Mr. Kiley accomplished this through his nationally-broadcast radio show, Follow the Money, in which he told grandiose lies about his own financial acumen, and about the infallibility of the currency program, to Christian listeners from coast to coast. The trial evidence showed conclusively that Mr. Kiley knew that currency program was not safe, and that people (like Duke Thietje) had lost the money they invested in it. PSR Paragraph 15. Yet Mr. Kiley did not stop bringing in new victims with assurances that the currency program was completely safe until the Ponzi scheme collapsed.

The government has reached out to Mr. Kiley's victims, and those victims who have responded strongly oppose Mr. Kiley's bid for compassionate release.

Victims R. L. H. and D. H. (a couple) wrote:

Thank you for the opportunity to comment about the compassionate release motion by Patrick Kiley. As a victim of Mr. Kiley, my family and I faced serious financial challenges after being swindled by Mr. Kiley and his ruthless organization. These financial challenges severely impacted our plans to send our children to college. No doubt, many other families suffered far greater harm, not just financial, from the criminal activity of Mr. Kiley and his organization. Mr. Kiley was totally dishonest and void of any compassion for the suffering of his victims, and it appears that he believes that the only person in the world on whom compassion should be given is himself. He appears thoroughly unrepentant for his crimes, and should only be considered for compassionate release when he makes FULL financial restitution to his victims. Please deny Mr. Kiley's motion for compassionate release. The people who deserve compassion are his victims, not Mr. Kiley. If you have any compassion, you should demonstrate it by keeping Mr. Kiley and his ilk behind bars for the rest of their lives.

Victim D. M. wrote:

I am a victim of the Patrick Kiley, Bo Beckman, Trevor Cook, etc., Ponzi Scheme. I would like to ask Patrick Kiley where the compassion was when he was scamming and stealing peoples [sic]money, retirement and lives to benefit his own greed. I SAY HELL NO to any compassionate release for Patrick Kiley. I think my opinion is clear but if you would like to talk I can be reached at [phone number].

Victim M. D. wrote:

I am responding to the early release of Patrick Kiley. NO WAY DO I THINK HE SHOULD GET AN EARLY RELEASE. He told the judge at his hearing that he only had one year to live.......WHAT????? Ok maybe he just told another one of his lies! 1. Where does this compassionate release come in? 2. I don't see him

giving any of the money he had stolen back. He hurt so many people and families. I still struggle with it all.

Victim R. H. wrote:

NO. None of them have shown me any compassion! Victim T. M. wrote: Regarding Pat Kiley's early release, Pat has been dying of some fake sickness since he was first incarcerated. This is not the first time he has asked for this type of early release. Our thoughts are this, how can we be sure he needs an early release. Is he actually sick, has he divulged where the bulk of the money he and Cook have stashed away? If he is actually sick to the point of death then I would like a full confession and admittance of what he did. He has constantly pleaded innocence and ignorance. Time to pay to play Pat answer the questions where is the money and then maybe get a compassionate release. In light of the extraordinarily serious nature of Mr. Kiley's crimes, and the understandable anger of his victims, the government recommends stringent conditions be placed on Mr. Kiley during his 3-year term of supervised release, as discussed below.

(Id. at 2-4.)

The Court is mindful of the pain and hardship suffered by the victims of Defendant's fraud, and has considered their positions with regard to the motion currently before it. But based on the record before it and the applicable law, the Court finds that Defendant has demonstrated there are extraordinary and compelling reasons that support a motion for a sentence reduction in this case. See United States v. Baker, No. 3:13-cr-197-J-32JBT, 2020 WL 7024886 (M.D. Fla. Nov. 30, 2020) (granting motion for compassionate release to 69-year-old defendant in frail health and

declining mobility); United States v. Gluzman, 96-cr-323, 2020 WL 4233049 (S.D.N.Y. July 23, 2020) (granting compassionate release to 71-year-old defendant suffering from Parkinson's disease and other severe physical and mental medical conditions).

The Court has also considered the sentencing factors set forth in 18 U.S.C. § 3553(a) and finds a reduction in sentence is consistent with those factors. The record demonstrates that Defendant has served almost nine years of his sentence, which is a significant sentence that reflects the seriousness of the offenses of conviction, affords adequate deterrence to criminal conduct, promotes respect for the law and provides a just punishment. It further avoids disparate sentences, as a co-defendant in this case was recently granted compassionate release after he had served approximately the same amount of time. United States v. Durand, No. 11-cr-228, 2021 WL 533681 (D. Minn. Feb. 12, 2021).

In addition, at 82 years old, Defendant is unlikely to reoffend. See U.S. Sentencing Comm'n, The Effects of Aging on Recidivism Among Federal Offenders at 23 (2017), https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders (setting forth

reconviction (6.5%) and reincarceration (4.1%) rates for offenders 65 years or older).

Finally, Defendant incurred only one disciplinary report while incarcerated (Toder Decl., Ex. A). This fact, together with his advanced age, extremely ill health and limited mobility, weighs in favor of finding that he does not pose a danger to the community. See United States v. Tidwell, 476 F. Supp.3d 66 (E.D. Pa. Aug. 5, 2020) (granting compassionate release to defendant serving life sentence who was diagnosed with terminal prostate cancer, finding risk of harm to the community is mitigated by strong evidence of rehabilitation and seriously ill health, and conditions of release). The Court further notes that any risks to the community are further lessened by the conditions of Defendant's supervised release.

Accordingly,

**IT IS HEREBY ORDERED**:

1. Defendant's Motion for Compassionate Release (Doc No. 767) is **GRANTED;**

2. Defendant's Sentence is reduced to TIME SERVED;

3. All other terms and conditions of this Court's original sentence shall remain in full force and effect;

4. Defendant's release residence and release plan have been reviewed and approved by the U.S. Probation Office therefore this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure Defendant's safe release. Defendant shall be released as soon as appropriate travel arrangements are made and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, then the parties shall immediately notify the Court and show cause why the stay should be extended; and

5. In addition to the conditions of supervised release previously imposed, the Court orders the following additional conditions:

    a. Defendant is restricted to his residence, except to the extent he needs to leave home to receive medical care.
    b. Defendant is prohibited from soliciting money or engaging in any fund raising whatsoever without the permission of his probation officer.
    c. Defendant is prohibited from making appearances on radio shows of any kind without the permission of his probation officer.

d. Defendant is prohibited from re-activating his website, patkiley.com, or any substantially similar website, without the permission of his probation officer.
   e. Defendant shall abstain from the use of alcohol and other intoxicants.
   f. Defendant is prohibited from possessing any prescription medications prescribed to any third party.
   g. Defendant is required to pay restitution to his victims, as set forth in that portion of this Court's Judgment and Commitment Order designated as "Schedule of Payments, Section F."

Date: May 12, 2021

s/Michael J. Davis  
Michael J. Davis  
United States District Court